UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JANE FALK and<br>ALEXIS YOUNG,<br><br>      **Plaintiffs,**<br><br>v.<br><br>SKY TRANSPORTATION LLC<br>and ROMAN GENOV<br><br>      **Defendants.** | )<br>)<br>)<br>)<br>)<br>) CASE NO. 1:20-CV-1715<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiffs Jane Falk ("Falk") and Alexis Young ("Young") (together "Plaintiffs") bring this action against Sky Transportation LLC ("Sky") and Roman Genov ("Genov") (together "Defendants"), and shows as follows:

## OVERVIEW

1. This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et. seq.* Defendants violated the FLSA by failing to pay Plaintiffs the overtime premium required under federal law.

## PARTIES

2. Falk is an individual who resides in Madison County, Indiana.  She was employed by Defendants within the meaning of the FLSA during the three-year period prior to the filing of this Complaint.  At all times hereinafter mentioned, Falk was an individual employee within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

3. Young is an individual who resides in Madison County, Indiana.  She was employed by Defendants within the meaning of the FLSA during the three-year period

prior to the filing of this Complaint.  At all times hereinafter mentioned, Falk was an individual employee within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

4. Genov is an owner, member and/or officer of Sky.  In this capacity, Genov is involved in the day-to-day business operations of Sky.  Genov has the authority to sign on corporate checking accounts, including payroll accounts, and the authority to make decisions regarding wage and hour issues, including decisions regarding the overtime violations alleged in this Complaint.  At all relevant times, Genov acted and had responsibility to act on behalf of, and in the interests of, Sky in devising, directing, implementing and supervising the wage practices and policies relating to employees, including the overtime issues raised in this lawsuit.   At all relevant times, Genov was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

5. Sky is a Connecticut limited liability company doing business in Indiana.  Sky acted, directly or indirectly, in the interest of an employer with respect to Plaintiffs.  Sky is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

## JURISDICTION

6. This Court has jurisdiction over Defendants because Plaintiffs bring claims arising under federal law.

## VENUE

7. Venue is appropriate in the Southern District of Indiana pursuant to 28 U.S.C. § 1391 because Defendants conduct business in this district and the challenged conduct occurred in this district.

## FLSA COVERAGE

8. At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

9. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that the enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that the enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.

10. At all times hereinafter mentioned, Plaintiffs were employees engaged in commerce or in the production of goods for commerce.

## FACTS

11. Defendants own and operate a business providing non-emergency medical transportation throughout the state of Indiana.

12. Defendants employed Falk as a driver from June 2019 to January 6, 2020 and, throughout Falk's employment paid Falk an hourly rate of 11.00 or 12.00 per hour.

13. Defendants employed Young as a driver from June 2019 to December 25, 2019 and, throughout Young's employment paid Young an hourly rate of 11.00 or 12.00 per hour.

14. Falk was not exempt from the overtime provisions of the FLSA.

15. Young was not exempt from the overtime provisions of the FLSA.

16. During her employment, Falk worked in excess of forty (40) hours in a single workweek.

17. During her employment, Young worked in excess of forty (40) hours in a single workweek.

18. During Plaintiffs' employment with Defendants, Defendants did not pay Plaintiffs for all compensable hours worked and thus, did not pay Plaintiffs the overtime premium for all their hours worked in excess of forty (40) hours in a single workweek.

19. For example, Defendants did not compensate Plaintiffs for their time spent in post trip inspections of their employer provided vehicles. Plaintiffs were not allowed to report this post-trip inspection time as hours worked to Defendants.

20. To provide another example, Defendants automatically deducted one (1) hour from Plaintiffs' worked and reported hours each day and did not compensate them for this one hour of time.

### COUNT I: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

21. Plaintiffs hereby incorporate by reference Paragraphs 1-22 of this Complaint.

22. During the relevant time period, Defendants have violated and are violating the provisions of 29 U.S.C. § 207 by failing to comply with the overtime requirements of the FLSA.

23. Defendants acted intentionally, willfully, or with reckless disregard to the rights of Plaintiffs as protected by the FLSA.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants and award relief as follows:

a. An Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiffs, in addition to liquidated damages equal in amount to the unpaid compensation due to Plaintiffs;

b. An Order awarding Plaintiffs costs of this action;

c. An Order awarding Plaintiffs' reasonable attorney's fees;

e. A Declaration and finding by the Court that Defendants willfully violated provisions of the FLSA by failing to comply with the minimum wage and overtime requirements of the FLSA;

f. An Order granting such other and further relief as may be necessary and appropriate.

Respectfully Submitted,

s/Robert J. Hunt
Robert J. Hunt (#30686-49)
Robert F. Hunt (#7889-84)
The Law Office of Robert J. Hunt
1905 South New Market Street, Suite 168
Carmel, IN  46032
E-Mail: rob@indianawagelaw.com
         rfh@indianawagelaw.com


Attorneys for Plaintiffs